This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO**,

Plaintiff-Appellee,

v.                                                                                    **NO. 35,039**

**SCOTT BROTHERTON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Mark A. Macaron, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

L. Helen Bennett
Albuquerque, NM

for Appellant

## MEMORANDUM OPINION

**KENNEDY, Judge.**

{1}     Defendant, Scott Brotherton, appeals from the district court's order revoking his probation. We issued a notice of proposed summary disposition proposing to

affirm. Appellant has responded with a timely memorandum in opposition, which we have duly considered. We remain unpersuaded that our initial proposed summary disposition was incorrect, and we therefore affirm.

**DISCUSSION**

{2}     Defendant continues to argue that the district court erred in revoking his probation. Specifically, Defendant argues that he was not on probation when the acts constituting the violations occurred, and therefore, probation could not be revoked. [MIO 1-4] We review this issue de novo. *See State v. Ordunez*, 2012-NMSC-024, ¶ 6, 283 P.3d 282 (reviewing the question of whether the defendant's term of probation had expired when the district court revoked probation as a question of law subject to de novo review).

{3}     Our review of the record reveals the following procedural history. On June 11, 2015, the State filed a third motion to revoke Defendant's probation, alleging in relevant part that he had violated probation by giving a false name on arrest to an officer and by leaving the county of probation without permission. The State alleged that these violations occurred on June 2, 2015. [RP 170-172] The district court held a revocation hearing on August 4, 2015, and it entered its order revoking probation on August 5, 2015. [RP 210]

{4}     Defendant relies on an amended order of probation that he signed on December 17, 2014, which states that his term of probation ends on April 5, 2015, to support his

2

argument that he was not on probation in August of 2015. [ RP 159, MIO 1-4] In our notice of proposed summary disposition, we recognized that such an order exists in the record. [RP 159] However, we noted that the record also contains an amended second order of probation, signed by Defendant on April 6, 2015, which states that his probation continues until August 8, 2015. [RP 162] The district court held the revocation hearing on August 4, 2015, and entered its order revoking probation on August 5, 2015, within Defendant's term of probation according to the amended second order. [RP 210] We therefore reject Defendant's argument that his term of probation had expired when the district court held the probation revocation hearing.

{5}    Defendant also argues in his memorandum in opposition that his "good time figuring" sheets, which were not introduced into evidence below, would prove that he was not on probation when the violations occurred. [MIO 2-3] However, as such evidence was not introduced below, we are not in a position to review this claim. *See State v. Reynolds*, 1990-NMCA-122, ¶ 16, 111 N.M. 263, 804 P.2d 1082 ("Matters outside the record present no issue for review.").

{6}    For these reasons we affirm.

{7}    **IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**LINDA M. VANZI, Judge**